■ EVANTHIA ANDREWS, Respondent, v PETER ANDREWS, Appellant. [644 NYS2d 781] —In a matrimonial action in which the

parties were divorced by judgment dated October 2, 1984, in which the provisions of a stipulation entered into by the parties in open court were incorporated but not merged, the defendant former husband appeals from an order of the Supreme Court, Queens County (Durante, J.), dated July 27, 1995, which, upon the plaintiff former wife's motion, *inter alia,* to enforce the terms of the stipulation and judgment, (1) appointed an appraiser to render an appraisal as to the fair market value and fair market rental value of the marital home, and (2) directed that the former wife receive the fair market rental value for the marital home from March 1, 1995, until its sale.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the parties are directed to sell the marital home in accordance with the judgment of divorce and the stipulation incorporated but not merged therein.

The judgment of divorce, which incorporated the parties' stipulation entered into in open court, provided, *inter alia,* that the defendant former husband would have sole and exclusive occupancy of the marital home until the parties' youngest child reached 21 years of age, at which time the home would be sold for the highest available price and the proceeds divided equally. The stipulation further provided that if the parties could not agree on a selling price, the parties would each retain a real estate appraiser. In the event the parties' appraisers could not agree on a price, a third appraiser would be selected and the "mean figure" obtained between the three appraisers would be the price at which the home was offered for sale.

Upon the approach of the youngest child's 21st birthday, the plaintiff former wife informed the defendant of her intent to seek a sale. The defendant responded that he was in the process of selecting counsel, and shortly thereafter notified the plaintiff that counsel had been retained. About a month later, the plaintiff notified the defendant that her appraiser was seeking immediate access to the house, and the defendant requested the appraiser's credentials. The parties dispute whether the credentials were given and the plaintiff thereafter made a motion to enforce the judgment of divorce.

The Supreme Court erred in selecting its own appraiser to evaluate the marital home, since, in doing so, it went beyond the parties' agreement. The plaintiff presented no evidence that the parties could not agree on a price, and, even had she done so, the agreement specifically provided that if a price could not be agreed upon, the parties themselves were to select appraisers. In addition, upon our review of the record, the de-

fendant did not inordinately delay the sale of the home in a manner that would justify disregarding the parties' agreement.

The Supreme Court also erred in requiring the defendant to pay the plaintiff rent until the home was sold. The parties' agreement contained no obligation on the defendant to pay rent while the home was on the market, and by imposing such a requirement, the court again exceeded the bounds of the parties' agreement. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.